UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
_____

JACQUELINE WILLIAMS,

                              Plaintiff,

v.                                                          Civil Action No. _____

PORTFOLIO RECOVERY ASSOCIATES, LLC,

                              Defendant.
_____

## COMPLAINT AND DEMAND FOR JURY TRIAL

### I. INTRODUCTION

1. This is an action for actual and statutory damages brought in response to Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq*. (hereinafter "FDCPA") which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.  Plaintiff also brings an action against Defendant for intentional infliction of emotional distress under the common law of the State of New York.

### II. JURISDICTION AND VENUE

2. Jurisdiction of this court arises under 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3. That Plaintiffs' cause of action under the common law of the State of New York for intentional infliction of emotional distress is predicated upon the same facts and circumstances that give rise to their federal cause of action.  As such, this Court has supplemental jurisdiction over Plaintiff's TCPA causes of action pursuant 28 U.S.C. §1367.

4. Venue is proper in this district under 28 U.S.C. §1391(b) in that the Defendant transacts business here and the conduct complained of occurred here.

### III. PARTIES

5. Plaintiff, Jacqueline Williams, is a natural person residing in the County of Monroe and State of New York and is a "consumer" as that term is defined by 15 U.S.C. §1692a(3).

6. Defendant, Portfolio Recovery Associates, LLC., (hereinafter "Portfolio") is a foreign business corporation organized and existing under the laws of the State of Delaware and is a "debt collector" as that term is defined by 15 U.S.C. §1692a(6).

7. The acts of the Defendant alleged hereinafter were performed by its employees acting within the scope of their actual or apparent authority.

8. Defendant regularly attempts to collect debts alleged to be due another.

9. All references to "Defendant" herein shall mean the Defendant or an employee of said Defendant.

## IV. FACTUAL ALLEGATIONS

10. That Plaintiff incurred a debt to Rochester Gas and Electric for utility services for her home. This debt will be referred to as the "subject debt."

11. That the subject debt arose out of a transaction in which money, services or property, which was the subject of the transaction, was primarily for personal, family and/or household purposes. As such, said debt is a "debt" as that term is defined by 15 U.S.C. §1692a(5).

12. That upon information and belief, Defendant was employed by Rochester Gas and Electric to collect on the subject debt. In the alternative, the subject debt was assigned by Rochester Gas and Electric to Defendant after Plaintiff defaulted on said debt.

13. For many months, the Defendant called Plaintiff's residential telephone line multiple times per week in an attempt to collect on the subject debt. Recently the frequency of Defendant's telephone calls to Plaintiff has declined.

14. That at the very outset of the Defendant's telephone call campaign, and on multiple occasions over the ensuing months, Plaintiff informed Defendant that she could not afford to make the payments they were requesting, that she found their calls harassing and inconvenient, and requested that they stop calling her.

15. Plaintiff also informed Defendant that her religious beliefs prohibited her from transacting or discussing business matters on Sunday. As such, she informed Defendant that telephone calls to her on Sunday were particularly harassing and inconvenient to her, that she would not discuss any financial matters on Sunday anyway, and that as such, they should not call her on Sundays.

16. Nothwithstanding Plaintiff's requests, Defendant continued to call her, including calling her on Sundays.

17. On one occasion, Defendant stated to Plaintiff that they were calling from the litigation department of the Defendant. Upon information and belief, this was a false representation.

18. On another occasion, Defendant stated to Plaintiff that they would be taking her to Court.

19. Upon information and belief, Defendant had not made a decision to file a lawsuit against Plaintiff at the time that their explicit and implicit threats of litigation were made.

20. Upon information and belief, Defendant has not sued Plaintiff and does not intend to sue Plaintiff.

21. That all of the acts of Defendant alleged herein occurred on or after July 1, 2010.

22. That as a result of Defendant's acts, Plaintiff became nervous, upset, anxious, and suffered from emotional distress.

## V. COUNT ONE
(Fair Debt Collection Practices Act
and 15 U.S.C. §1692 et seq.)

23. Plaintiff repeats, re-alleges and incorporates by reference the allegations contained in paragraphs 1 through 22 above.

24. The conduct of Defendant as described in this complaint violated the Fair Debt Collection Practices Act (15 U.S.C. §1692 et seq.) as follows:

   A. Defendant violated 15 U.S.C. §1692d and 15 U.S.C. §1692d(5) by repeatedly causing Plaintiff's telephone to ring and/or engage her in conversation on an excessive number of occasions, by making such calls despite her requests that they stop calling her, and by calling her on Sundays despite her request that they not do so.

   B. Defendant violated 15 U.S.C. §1692c(a)(1) by calling Plaintiff at times they knew or should have known were inconvenient to her.

   C. Defendant violated 15 U.S.C. §1692e(5) by implicitly and/or explicitly threatening to file a lawsuit against Plaintiff when no decision to file such a suit had been made and despite the fact that Defendant had no intention of filing a lawsuit against her.

   D. Defendant violated 15 U.S.C. §1692e(5) and 15 U.S.C. §1692e(10) by falsely representing that they were calling from the litigation department.

25. That as a result of the Defendant's FDCPA violations as alleged herein, Plaintiff became nervous, upset, anxious and suffered from emotional distress.

## V. COUNT TWO
### (State Claim)

26. Plaintiffs repeat, re-allege and incorporate by reference the allegations contained in paragraphs 1 through 25 above.

27. Upon information and belief, Defendant acted with malice, insult, and reckless disregard for the rights of Plaintiff.

28. Upon information and belief, Defendant's conduct as alleged in this complaint was intentionally and maliciously done with the intent of inflicting severe emotional distress on Plaintiff.

29. That as a result of the Defendant's conduct described in this complaint, Plaintiff suffered actual damages, including but not limited to severe emotional distress.

**WHEREFORE**, Plaintiffs respectfully request that judgment be entered against the Defendant for:

1. Actual damages;

2. Punitive damages;

3. Statutory damages for each Plaintiff pursuant to 15 U.S.C. § 1692k.

4. Costs, disbursements and reasonable attorney's fees pursuant to 15 U.S.C. § 1692k.

5. For such other and further relief as may be just and proper.

## VI. JURY DEMAND

Please take notice that Plaintiff demands trial by jury in this action.

Dated: June 24, 2010

/s/ Kenneth R. Hiller
Kenneth R. Hiller, Esq.
Seth Andrews, Esq.
Law Offices of Kenneth Hiller, PLLC
*Attorneys for the Plaintiff*
6000 North Bailey Ave., Suite 1A
Amherst, NY 14226
(716) 564-3288
Email: khiller@kennethhiller.com
sandrews@kennethhiller.com

4